Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 CR 517-2 | **DATE** | November 2, 2004 |
| **CASE TITLE** | *United States v. Debbie Shorter* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, GRANTS and DENIES various pretrial motions filed by Defendant Shorter. Enter Memorandum and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| ✓ | Notices mailed by judge's staff. | NOV 03 2004 date docketed |
| | Notified counsel by telephone. | |
| | Docketing to mail notices. | docketing deputy initials |
| | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | date mailed notice |
| RTS | courtroom deputy's initials | |
| | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 44

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
NOV 0 3 2004

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Hon. Blanche M. Manning |
| v. ) | |
| ) | 04 CR 517-2 |
| DEBBIE SHORTER, et al. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

On June 23, 2004, a three count indictment was returned against Defendant Shorter charging her with: (1) conspiring to possess with intent to distribute and possessing with intent to distribute in excess of 500 grams of cocaine, in violation of 21 U.S.C. §§ 841 and 846, and 18 U.S.C. § 2 (Counts I and II); and (2) importing in excess of 500 grams of cocaine from Jamaica, in violation of 21 U.S.C. § 952.

The present matter comes before this Court on Shorter's pre-trial motions: (1) to require notice of intention to use other crimes, wrongs, or acts evidence; (2) to discover use of electronic devices; (3) for pre-trial access to witnesses; (4) for leave to file additional pre-trial motions; (5) to preclude the Government from conferring with its witnesses; (6) for attorney voir dire; (7) for disclosure of impeaching information; and (8) early return of trial subpoenas. The Court will address each of these motions in turn.

I. **Motions For Notice of Intention to Use Other Crimes, Wrongs, and Acts Evidence**

Shorter seeks notice of the Government's intention to use other crimes, wrongs, or acts evidence under Federal Rules of Evidence 404(b) and 608(b). Federal Rule of Evidence 404(b) prohibits the admission of evidence of other crimes, wrongs, or acts to prove the character of a

person in order to show that he likely acted in conformity therewith on a particular occasion. Fed. R. Evid. 404(b). The purported rationale for the exclusion of evidence of other crimes, wrongs, or acts is that such evidence is of slight probative value and tends to distract the trier of fact from the facts at issue. United States v. Smith, 103 F.3d 600, 602 (7th Cir. 1996). This evidence may be admissible, however, for any other relevant purpose including "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . ." Id.

Federal Rule of Evidence 404(b) requires that the Government in a criminal case, upon request of an accused, provide reasonable advance notice of its intention to use such evidence and the general nature thereof. The purpose of this notice requirement is to "reduce surprise and promote early resolution on the issues of admissibility." Fed. R. Evid. 404(b), Notes of Committee on the Judiciary, Sen Rep. No. 93-1277. This Rule does not, however, provide for unbridled discovery and, to that end, the government need only "apprise the defense of the general nature of the evidence of extrinsic acts." Id.

Here, the Government acknowledges its obligations under Rule 404(b) and will give Shorter notice two weeks before trial if it intends to introduce any Rule 404(b) material. The Court believes that, under the present circumstances, this is sufficient time for Shorter to analyze and assimilate Rule 404(b) material in preparation for trial. By providing this information two weeks before trial, the Government will come within Rule 404(b)'s provision requiring "reasonable notice" in advance of trial. Fed. R. Evid. 404(b).

Shorter also seeks pretrial notice of the Government's intention to use "specific instances of conduct" or Rule 608(b) material. Rule 608(b) restricts the use of specific instances of conduct of a witness for the cross examination of that witness. Fed. R. Evid. 608(b). Unlike

Rule 404(b), however, Rule 608(b) does not require disclosure of any evidence which might be used for impeachment purposes.

It is well established that defendants are not entitled access to Rule 608(b) material which is not discoverable under Federal Rule of Criminal Procedure 16. See United States v. Hartmann, 958 F.2d 774, 789 n. 5 (7th Cir.1992); United States v. Cerro, 775 F.2d 908, 914-15 (7th Cir.1985). Rule 16 explicitly limits compelled discovery to information the Government intends to introduce during its case-in-chief. Fed. R. Crim. P. 16(b)(1)(A). By definition, Rule 608(b) evidence may not be used during the government's case-in-chief, and therefore, it is not discoverable under Rules 12 or 16. See United States v. Sims, 808 F. Supp. 607, 611 (N.D. Ill.1992).

Accordingly, Shorter's motion for notice of the Government's intention to use Rule 404(b) material is GRANTED, and the Government is ordered to produce all Rule 404(b) material no later than two weeks before trial. The motion for the production of Rule 608(b) material, however, is DENIED.

## II. Motion to Discover Use of Electronic Devices

Shorter has also moved for an order requiring the Government to disclose whether it utilized any electronic recording devices in the investigation of this case. According to the Government, no electronic devices were used in the investigation of this case. Therefore, the Court DENIES this motion as moot.

## III. Motion for Pretrial Access to Witnesses

Additionally, Shorter requests that this Court order the Government to provide her with pre-trial access to its witnesses. The Government asserts that it will not prevent any of its

witnesses from speaking with counsel for Shorter but notes that these witnesses have the discretion on whether to speak with defense counsel. At this point in time, without any allegation that any particular witness will not speak to Shorter or that the Government is preventing them from doing so, this Court finds this motion premature and is thus DENIED.

## IV. Motion for Leave to File Additional Pretrial Motions

Shorter has further moved for an order permitting her to file unspecified future motions to the extent they become necessary. Pursuant to Federal Rule of Criminal Procedure 12(c), this Court established a schedule for the filing of all pretrial motions. Rule 12(f) provides that the "[f]ailure by a party . . . to make requests which must be made prior to trial, at the time set by the court pursuant to subdivision (c), or prior to any extension thereof made by the court, shall constitute a waiver thereof, but the court for cause shown may grant relief from the waiver." Fed. R. Crim. P. 12(f).

Accordingly, Shorter's motion is denied without prejudice to the extent it seeks permission to file additional, unspecified pretrial motions. Additional pretrial motions may be filed upon a showing of good cause for the delay. See id.; United States v. Stoecker, 920 F. Supp. 876, 880 (N.D. Ill. 1996); United States v. McCarroll, No. 95 CR 48, 1996 WL 99442, at *1 (N.D. Ill. March 5, 1996); United States v. Pelini, 896 F. Supp. 795, 796 (N.D. Ill. 1995).

## V. Motion to Preclude the Government from Conferring with its Witnesses

Shorter additionally moves for an order precluding the Government from conferring with its witnesses during trial. The Government acknowledges that it may not confer with its witnesses during cross-examination. Moreover, this Court instructs witnesses not to discuss their testimony during breaks in the trial. Therefore, this Court GRANTS this motion to the extent it

seeks to prohibit the Government from conferring with its witnesses during cross-examination but DENIES this motion to the extent it seeks a prohibition during the entire trial.

## VI. Motion for Attorney Voir Dire

Furthermore, Shorter seeks permission from this Court to conduct voir dire. As a general practice, this Court permits both defendants and the Government to voir dire prospective jurors. Therefore, this motion is GRANTED.

## VII. Motion for the Disclosure of Exculpatory and Impeaching Evidence

Shorter also seeks disclosure of all favorable evidence including any exculpatory and impeaching information and the existence and substance of any promises of immunity, leniency, or preferential treatment. The Government acknowledges its continuing obligations under Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), and to the extent it has not already done so, proposes to produce all known evidence that is both favorable to Shorter and material to the issues of guilt, innocence or sentencing or which bears upon the credibility of the Government's witnesses. The motion for the disclosure of all exculpatory and impeaching evidence pursuant is thus GRANTED.

## VIII. Motion for Early Return of Trial Subpoenas

In her final motion, Shorter seeks early return of trial subpoenas. The Government has no objection to this motion. The Court thus GRANTS this motion.

## CONCLUSION

For the foregoing reasons, Defendant Shorter's motion

- for notice of the Government's intention to use Rule 404(b) material is GRANTED, and the Government is ordered to produce all Rule 404(b) material no later than two weeks before trial;

- for the production of Rule 608(b) material is DENIED;

- to discover use of electronic devices is DENIED as moot;

- for pre-trial access to its witnesses is DENIED as premature;

- to file additional pretrial motions is DENIED without prejudice;

- to prevent the Government from conferring with its own witnesses is GRANTED to the extent it seeks to prohibit the Government from conferring with its witnesses during cross-examination but DENIED to the extent it seeks a prohibition during the entire trial;

- to conduct voir dire is GRANTED; and

- for the disclosure of all exculpatory and impeaching evidence is GRANTED.

It is so ordered.

ENTER:

*[signature]*
BLANCHE M. MANNING
U.S. DISTRICT COURT JUDGE

DATE: 11-2-04